**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MELVIN HESTER, | |
| Plaintiff, | Civil Action No. 17-9015 (CCC) |
| v. | **MEMORANDUM OPINION** |
| THE STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**CECCHI, District Judge**:

This matter comes before the Court on a civil rights Complaint filed by *pro se* Plaintiff Melvin Hester pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, (*see* ECF No. 7), the Court must screen the Complaint to determine whether the case should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, for the reasons stated below, the Complaint is dismissed.

The Complaint names two defendants, the State of New Jersey and the Attorney General of the State of New Jersey. The Complaint does not identify any individual being sued, nor does it contain any factual allegations regarding any specific actions by an individual. As such, the Court construes any claims against the Attorney General as official-capacity claims against the office itself, not the person holding the office.

However, the State of New Jersey and its officers are immune from suits in federal court. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of

the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Section 1983 does not override a state's Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 338 (1979).

Moreover, with Eleventh Amendment immunity in mind, the Supreme Court has held that official capacity claims against state officials are essentially claims against the state, not against a person. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because a state cannot be sued in federal court under § 1983, there can be no official capacity claims against state officials, except those under *Ex parte Young*, 209 U.S. 123 (1908), which only authorizes injunctive relief. *Metcalf*, 506 U.S. at 146. As the Complaint only seeks monetary damages, (ECF No. 1 at 4), it fails to state a claim upon which relief may be granted, and is dismissed.[1]

Date: June 4, 2018

Claire C. Cecchi, U.S.D.J.

---

[1] The Court notes that the Complaint is essentially a rehashing of Plaintiff's federal habeas petition, which the Court already dismissed as time-barred. *See Hester v. New Jersey*, No. 14-4241, ECF No. 14 (D.N.J. judgment entered Sept. 29, 2017). As such, even if Plaintiff asserts cognizable claims against proper defendants in the future, the Court notes that they may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), or by applicable statutes of limitations.